UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:23-cr-89-VMC-AEP-1

MILTON ANTHONY BRADSHAW
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Milton Anthony Bradshaw's Facial and As-Applied Challenge to the Constitutionality of 18 U.S.C. § 922(g)(1) and Motion to Dismiss the Indictment (Doc. # 35), filed on October 10, 2023. The United States of America responded on October 24, 2023. (Doc. # 39). For the reasons that follow, the Motion is denied.

**I.   Background**

On March 8, 2023, Defendant was indicted for possessing a firearm and ammunition while a felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. # 13 at 1-2).

Now, Defendant seeks dismissal of the indictment. (Doc. # 35). The United States has responded (Doc. # 39), and the Motion is ripe for review.

1

**II. Discussion**

"This Court may resolve a motion to dismiss in a criminal case when the 'infirmity' in the indictment is a matter of law and not one of the relevant facts is disputed." United States v. Al-Arian, 308 F. Supp. 2d 1322, 1332 (M.D. Fla. 2004). Here, Defendant argues that, under New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1 (2022), Section 922(g)(1) is unconstitutional both facially and as applied to Defendant under the Second Amendment to the United States Constitution. (Doc. # 35).

The Second Amendment guarantees that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. To determine if a statute infringes upon Second Amendment rights, the Court must first determine "whether the plain text of the Second Amendment protects" the conduct regulated by the statute. New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1, 32 (2022). If the Second Amendment guarantees Defendant a right to such conduct, the Court will then determine whether the statute is "consistent with this Nation's historical tradition of firearm regulation." Id. at 34.

Here, Defendant's argument fails at the first step, thus the Court need not perform a historical analysis. "In regards

to the plain text of the Second Amendment, the Supreme Court's analysis in [District of Columbia v. Heller, 554 U.S. 570 (2008),] controls." United States v. Holton, 639 F. Supp. 3d 704, 708 (N.D. Tex. 2022); see United States v. Dubois, 94 F.4th 1284, 1292 (11th Cir. 2024) ("The Supreme Court left no doubt [in Bruen] that it viewed its decision as a faithful application of Heller, not a departure from it"); Bruen, 597 U.S. at 17 ("In keeping with Heller, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.").

In Heller, the Supreme Court emphasized that, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." Heller, 554 U.S. at 626. In particular, "longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms" do not infringe on the right guaranteed under the Second Amendment. Id. at 626–27. The Court similarly recognized limitations on this right in its holding, determining that the District of Columbia must allow Heller to exercise his Second Amendment rights, "*[a]ssuming that Heller is not disqualified*." Id. at 635 (emphasis added).

While Defendant argues that the language in Heller regarding possession of firearms by felons is dicta (Doc. # 35 at 6), the Eleventh Circuit has determined that it is not. In United States v. Rozier, 598 F.3d 768 (11th Cir. 2010), the Court stated that, "to the extent that this portion of Heller limits the Court's opinion to possession of firearms by *law-abiding* and *qualified* individuals, it is not dicta . . . [and] to the extent that this statement is superfluous to the central holding of Heller, we shall still give it considerable weight." Id. at 771 n.6 (citations omitted).

In Rozier, the Eleventh Circuit also directly addressed the constitutionality of Section 922(g)(1) in light of the Supreme Court's decision in Heller. Relying on the opinion's language that Heller could be otherwise disqualified from exercising his Second Amendment rights, the Court stated that "the initial question is whether one is *qualified* to possess a firearm." Id. at 770. The Court determined that felons are not qualified to possess a firearm. Id. at 771. Therefore, it held that Section 922(g)(1) was constitutional. Id.

After the Eleventh Circuit decided Rozier, the Supreme Court issued its decision in Bruen. Based on the Supreme Court's decision, Defendant argues that this Court must hold

4

Section 922(g)(1) unconstitutional. (Doc. # 35 at 2). However, the Eleventh Circuit recently held that "Bruen did not abrogate Rozier." Dubois, 94 F.4th at 1293. Therefore, Section 922(g)(1) remains constitutional. See Id. at 1293 ("We require clearer instruction from the Supreme Court [than that in Bruen] before we may reconsider the constitutionality of section 922(g)(1). Because Rozier binds us, Dubois's challenge based on the Second Amendment necessarily fails.").

As Bruen did not abrogate Rozier, both Defendant's facial and as applied challenges fail. As a felon, Defendant was not qualified to possess a firearm under the Second Amendment. See Rozier, 598 F.3d at 771 ("[S]tatutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class.").

Finally, the Court notes that Defendant raises an overbreadth challenge to the statute in his motion's conclusion. (Doc. # 35 at 17). In Sabri v. United States, 541 U.S. 600 (2004), the Supreme Court acknowledged that it had "recognized the validity of facial attacks alleging overbreadth (though not necessarily using that term) in relatively few settings, and, generally, on the strength of

specific reasons weighty enough to overcome [the Court's] well-founded reticence." Id. at 609-10. "Outside these limited settings, and absent a good reason, [the Court does] not extend an invitation to bring overbreadth claims." Id. at 610. As the United States highlights, Defendant does not identify any cases in which overbreadth arguments have been permitted in the Second Amendment context. (Doc. # 39 at 9 n.3). Given the reluctance to expand the settings in which overbreadth challenges are permitted and the lack of support provided for this argument, the Court will not invalidate Section 922(g)(1) for overbreadth. Defendant's motion to dismiss is denied.

    Accordingly, it is hereby

    **ORDERED, ADJUDGED,** and **DECREED:**

    Defendant Milton Anthony Bradshaw's Facial and As-Applied Challenge to the Constitutionality of 18 U.S.C. § 922(g)(1) and Motion to Dismiss the Indictment (Doc. # 35) is **DENIED**. Additionally, Defendant's request for an evidentiary hearing is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of April, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE