UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

MILTON ANTHONY BRADSHAW

CASE NO. 8:23-cr-089-VMC-AEP
18 U.S.C. § 922(g)(1)
(Felon in Possession of a
Firearm and Ammunition)

## SUPERSEDING INDICTMENT

FEB 18 2025 PM4:23
FILED - USDC - FLMD - TPA

The Grand Jury charges:

### COUNT ONE
### (Felon in Possession of a Firearm and Ammunition)

On or about September 20, 2022, in the Middle District of Florida, the defendant,

MILTON ANTHONY BRADSHAW,

knowing that he had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including the following offenses committed on occasions different from one another:

Delivery of Cocaine, on or about August 14, 1997, and committed on or about March 4, 1997;

Delivery of Cocaine, on or about October 3, 2000, and committed on or about November 14, 1997;

Delivery of Cocaine, on or about October 3, 2000, and committed on or about August 9, 1999; and

Delivery of Cocaine, on or about September 17, 2009, and committed on or about February 11, 2009,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Smith & Wesson .40 caliber pistol, and ammunition, 4 rounds of .40 caliber Federal ammunition and 1 round of .40 caliber CBC ammunition. It is further alleged that the defendant, prior to committing the present offense, had at least three previous convictions for offenses committed on occasions different from one another, pursuant to 18 U.S.C. § 924(e)(1).

In violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## **FORFEITURE**

1.  The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2.  Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant,

MILTON ANTHONY BRADSHAW,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3.  The property to be forfeited includes, but is not limited to, the following: the Smith & Wesson .40 caliber pistol and assorted ammunition discussed above.

4.  If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████

Foreperson

SARA SWEENEY
Acting United States Attorney

By: _____
ᶠᵒʳ Michael R. Kenneth
Assistant United States Attorney

By: _____
ᶠᵒʳ James C. Preston, Jr.
Assistant United States Attorney
Chief, Violent Crime and
Racketeering Section

3

FORM OBD-34
February 25

No. 8:23-cr-089-VMC-AEP

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

MILTON ANTHONY BRADSHAW

SUPERSEDING INDICTMENT

Violations: 18 U.S.C. § 922(g)(1)

A true bill,

███████████████████████████
Foreperson

Filed in open court this 18th day of February, 2025.

_____
Clerk

KARINA NIEVES

Bail $_____

GPO 863 525